By the Court.
Ingraham, J.
From the record as printed it does not appear that any interlocutory judgment was entered on the order of the special term sustaining the demurrer. All that appears is an order of the special term, entered January 4, 1886, sustaining the demurrer, and the appeal is from the order or interlocutory judgment entered herein. No interlocutory judgment is printed, and it does not appear that any was ever entered. It has been settled by repeated decisions that no appeal lies from an order sustaining or overruling a demurrer (Lovatt v. Watson, 52 Super. Ct. 544, and cases there cited). The record before us presents nothing for review, and for that reason the appeal must be dismissed with costs.
I am of the opinion that the order of the special tern), sustaining the demurrer was clearly right. The action is to recover a balance due on a bond and mortgage executed by one Gwyer to Charles Lanier, and assigned by Challes Lanier to the plaintiff. The bond was under seal. It is not alleged that any cause of action was assigned to the plaintiff, except the bond and mortgage given to secure the obligation of the bond. Neither the bond nor the mortgage was executed by the defendant’s testator, and he was not hable on the face of the instrument. The seal forbids any inquiry as to whether the obligor, in executing the bond, acted as agent for the defendant’s- testator (Simpson v. N. Y., &c. R. R. Co., 51 Super. Ct. 419, and cases there cited). The bond and mortgage being under seal, he cannot be held liable as an undisclosed principal. It cannot be said that the case comes within the exception stated in Simpson v. N. Y., &c. R. R. Co. (supra), that where the contract is one which is valid without a seal, and the seal is therefore of no account, an undisclosed principal can be held liable; because the bond itself is an instrument under seal, and, although *237 a contract to pay money would be valid without a seal, still it would not be a bond, and in order to make a valid bond, a seal is necessary (Supervisors of Livingston v. White, 30 Barb. 78). For the reasons first stated, however, the appeal must be dismissed, with costs.
Sedgwick, Oh. J., concurred.